Fay L. Szakal, Esq.
**GLUCKWALRATH LLP**
4 Paragon Way, Suite 400
Freehold, NJ 07728
Email: fszakal@glucklaw.com
Phone: (732) 530-8822/Fax: (732) 530-6770
Attorneys for Defendants Sheriff Shaun Golden, Chief Jeffrey Equils, Officer Nagy, Officer
Randi Patterson, Officer John Dixon, Lt. Dan Hansson, Officer Amanda Atkinson, Officer
Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, Officer Eddie Brett, Monmouth
County Sheriff's Office, Monmouth County Correctional Institution, Monmouth County, and
Monmouth County Department of Corrections (collectively, the "County Defendants")

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.V. JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF SHAUN GOLDEN, CHIEF JEFFREY EQUILS, OFFICER THOMAS MAURO, OFFICER NAGY, OFFICER RANDI PATTERSON, OFFICER JOHN DIXON, LT. DAN HANSSON, OFFICER AMANDA ATKINSON, OFFICER KENYA DAVIS, OFFICER STEPHANIE WELCH, OFFICER BEN MARKUS, OFFICER EDDIE BRETT, MONMOUTH COUNTY SHERIFF'S OFFICE, MONMOUTH COUNTY DEPARTMENT OF CORRECTIONS, MONMOUTH COUNTY CORRECTIONAL INSTITUTION, MONMOUTH COUNTY, JOHN DOES 1-80 (Fictitious Individuals), ABC CORPS 1-80 (Fictitious Corps), ABC PUBLIC ENTITIES 1-80 (Fictitious Entities), Jointly and Severally, Official and Individual Capacities,<br><br>Defendants. | CIVIL ACTION<br><br><br>**NOTICE OF REMOVAL** |

Defendants Sheriff Shaun Golden, Chief Jeffrey Equils, Officer Nagy, Officer Randi Patterson, Officer John Dixon, Lt. Dan Hansson, Officer Amanda Atkinson, Officer Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, Officer Eddie Brett, Monmouth County Sheriff's Office, Monmouth County Department of Corrections, Monmouth County Correctional Institution, and Monmouth County (hereinafter the "County Defendants"), pursuant to 28 U.S.C. §§ 1443, 1441, and 1446, hereby file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Monmouth County, where the action is now pending, and state:

1.      On April 26, 2021, a Complaint was filed in the Superior Court of New Jersey, Monmouth County. The caption, entitled "C.V. Jane Doe v. Sheriff Shaun Golden et al." was assigned Docket No. MON-L-1438-21 (hereinafter the "State Court Action"). Attached hereto as **Exhibit A** is a copy of Plaintiff's Complaint in the State Court Action, which was never served upon the County Defendants.

2.      On October 10, 2021, a First Amended Complaint and Jury Demand (the "Amended Complaint") was filed in the State Court Action, and served upon the County Defendants. Attached hereto as **Exhibit B** is a copy of the Summonses and Amended Complaint in the State Court Action, and of which the County Defendants are now aware, pursuant to 28 U.S.C. § 1446(a).

3.      The Summonses were dated October 11, 2021. Id.

4.      This Notice of Removal is being filed in the District of New Jersey, the District Court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

5.      Plaintiff asserts numerous claims pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1986; the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq.; and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. See id.

6.      Pursuant to 28 U.S.C. § 1443(2), civil actions commenced in state court "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law" may be removed by defendant to the District Court embracing the jurisdiction in which the state court lies.

7.      As Plaintiff in the State Court Action is pursuing federal civil rights claims, the State Court Action is properly removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1443(2).

8.      Attached hereto as **Exhibit C** is a filed copy of the Notice to Clerk of Superior Court of Filing of Notice of Removal, the original of which has been filed with the Superior Court of New Jersey, Monmouth County as required by 28 U.S.C. § 1446(d).

WHEREFORE, County Defendants respectfully request that this action proceed in this Court as an action properly removed to it.

GLUCKWALRATH LLP
Attorneys for the County Defendants


By: _/s/ Fay L. Szakal_
Fay L. Szakal

Dated:  November 3, 2021

# EXHIBIT A

LAW OFFICE OF KEVIN T. FLOOD, ESQ., LLC
181 Route 206
Hillsborough, N.J. 08844
Phone: (908) 705-2623
Fax:    (866) 900-9305
I.D. No.  005662003
Attorney for Plaintiff

| | |
|---|---|
| C.V. JANE DOE,<br><br>Plaintiff,<br>v.<br>Sherriff Shaun Golden, Chief Jeffrey Equils, Officer Thomas Mauro, Officer Nagy, Officer Randi Patterson, Officer John Dixon, LT. Dan Hansson, Officer Amanda Atkinson, Officer Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, Officer Eddie Brett, Monmouth County Sheriff's Office, Monmouth County Department of Corrections, Monmouth County Correctional Institution,  Monmouth County, JOHN DOES 1-80 (Fictitious Individuals), ABC CORPS 1-80 (Fictitious Corps), ABC PUBLIC ENTITIES 1-80 (Fictitious Entities), Jointly and Severally, Official and Individual Capacities.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO:<br><br>CIVIL ACTION<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff by and through her attorney, by way of Complaint against Defendants, states and alleges as follows:

1.     Plaintiff C.V. JANE DOE (hereinafter Plaintiff), was an involuntary detainee at Monmouth County Correctional Institution at all dates and times alleged in the complaint.

2.     Defendants John Does 1-80 (Fictitious Individuals), being fictitious identities, names being gender neutral, were at all times relevant hereto residents of the State of New Jersey; employed by defendant(s) Monmouth County Sheriff's Office, Monmouth

County Department of Corrections, Monmouth County Correctional Institution, Monmouth County; supervised by Defendants; and responsible for the health, safety, security, welfare and humane treatment of all adults involuntarily detained at the Monmouth County Correctional Institution, which included Plaintiff.

3.      At all times relevant hereto, defendant(s) ABC CORPS 1-80 (Fictitious Corps), and defendant(s) ABC PUBLIC ENTITIES 1-80, being fictitious identities and representing unnamed entities who violated Plaintiff's rights and/or were a proximate cause or substantial factor of Plaintiff's damages.

4.      It is the intention of Plaintiff's attorney to amend this Complaint if and when discovery reveals the identities of any unknown Defendants.

**COUNT ONE**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. 10:5-1 et seq.**

5.      Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

2

## COUNT TWO
### NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
### NEW JERSEY CONSTITUTION SUBSTANTIVE DUE PROCESS: SPECIAL RELATIONSHIP

6.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT THREE
### NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
### NEW JERSEY CONSTITUTION SUBSTANTIVE DUE PROCESS: STATE-CREATED DANGER

7.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7)

Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT FOUR**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**EXCESSIVE FORCE**

8.      Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT FIVE**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**RETALIATION**

9.      Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of

4

action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT SIX**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**SUPERVISORY LIABILITY**

10.    Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT SEVEN**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**UNLAWFUL POLICY, CUSTOM, PRACTICE, INADEQUATE TRAINING,**
**FAILURE TO DISCIPLINE**

11.    Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or

consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT EIGHT
### 42 U.S.C. §1983: WILLFUL DISREGARD OF RIGHTS

12. Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT NINE
### 42 U.S.C. §1983: SPECIAL RELATIONSHIP

13. Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or

consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TEN
### 42 U.S.C. §1983: STATE-CREATED DANGER

14.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT ELEVEN
### 42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – SUPERVISORY OFFICIALS

15.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or

7

consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT TWELVE**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – FAILURE TO INTERVENE**

16.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT THIRTEEN**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – INADEQUATE TRAINING**

17.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or

8

federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT FOURTEEN**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF**
**ANOTHER – INADEQUATE SUPERVISION**

18.    Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT FIFTEEN**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF**
**ANOTHER-FAILURE TO ADOPT A NEEDED POLICY**

19.    Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory

damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT SIXTEEN
### 42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER-UNLAWFUL POLICY, CUSTOM, PRACTICE, FAILURE TO DISCIPLINE

20.    Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE**, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT SEVENTEEN
### 42 U.S.C. §1983: EXCESSIVE FORCE

21.    Plaintiff repeats the allegations above as if set forth at length herein.

10

WHEREFORE, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT EIGHTEEN
### 42 U.S.C. §1983: FAILURE TO PROTECT FROM ATTACK

22.     Plaintiff repeats the allegations above as if set forth at length herein.

WHEREFORE, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT NINETEEN
### 42 U.S.C. §1983: RETALIATION

23.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT TWENTY**
**2C:13-8.1 HUMAN TRAFFICKING**

24.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT TWENTY-ONE**
**Negligence**

25.     Plaintiff repeats the allegations above as if set forth at length herein.

12

WHEREFORE, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWENTY-TWO
### SEXUAL ASSAULT: VICTIM UNDER SUPERVISION; N.J.S.A. 2C:14-2c(2)

26.    Plaintiff repeats the allegations above as if set forth at length herein.

WHEREFORE, the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWENTY-THREE
### SEXUAL ASSAULT: PHYSICAL FORCE OR COERCION

27.    Plaintiff repeats the allegations above as if set forth at length herein.

13

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT TWENTY-FOUR**
**Plaintiff v. Defendants**
**NJCRA and FRCA §1983/§1986: CIVIL CONSPIRACY**

28.     Plaintiff repeats the allegations above as if set forth at length herein.

**WHEREFORE,** the answering parties demand judgment against all Defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury of six (6) persons on all triable issues within the Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff designates Kevin T. Flood, Esq., as trial counsel in this case.

## DEMAND FOR INTERROGATORIES

**DEMAND** is hereby made of Defendants for certified answers to interrogatories served upon Defendants with this complaint.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to <u>R</u>. 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## CERTIFICATION PURSUANT TO RULE 4:5-1

**KEVIN T. FLOOD** certifies as follows: The matter in controversy is the subject of another action pending in Middlesex County **CIVIL** Court. I further certify that I am

aware of another non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b). The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> LAW OFFICE OF KEVIN T. FLOOD, LLC
> Attorney for Plaintiff,
>
> By:_S/ Kevin T. Flood_____
>     KEVIN T. FLOOD, ESQ.

Dated: April 26, 2021

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-001438-21**

| | |
|---|---|
| **Case Caption:** DOE C.V.  VS GOLDEN SHAUN | **Case Type:** CIVIL RIGHTS |
| **Case Initiation Date:** 04/26/2021 | **Document Type:** NJ eCourts Case Initiation Confirmation |
| **Attorney Name:** KEVIN THOMAS FLOOD | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** KEVIN T FLOOD, ESQ., LLC | **Is this a professional malpractice case?**  NO |
| **Address:** 181 ROUTE 206 | **Related cases pending:** NO |
| HILLSBOROUGH NJ 08844 | **If yes, list docket numbers:** |
| **Phone:** 9087052623 | **Do you anticipate adding any parties (arising out of same** |
| **Name of Party:** PETITIONER : Doe, C.V. Jane | **transaction or occurrence)?** YES |
| **Name of Defendant's Primary Insurance Company** | |
| (if known): None | **Are sexual abuse claims alleged by:** C.V. Jane Doe? NO |

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   detainor/detainee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
      **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>04/26/2021</u>
Dated

<u>/s/ KEVIN THOMAS FLOOD</u>
Signed

# EXHIBIT B

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623



ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | |
| Defendant(s) | **SUMMONS** |

FROM THE STATE OF NEW JERSEY TO: Monmouth County

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

Name of the Defendant(s) to be served:   Monmouth County

Address of the Defendant(s) to be served:   71 Monument Park, Freehold, NJ

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE<br><br>Plaintiff<br><br>-v-<br><br>Sherriff Shaun Golden, et al<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>Monmouth COUNTY<br>DOCKET NO.: MON-L-001438-21<br><br>CIVIL ACTION<br><br>SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Chief Jeffrey Equils

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021
 Name of the Defendant(s) to be served: Chief Jeffrey Equils

 Address of the Defendant(s) to be served: Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE<br><br>Plaintiff<br><br>-v-<br><br>Sherriff Shaun Golden, et al<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>Monmouth COUNTY<br>DOCKET NO.: MON-L-001438-21<br><br>CIVIL ACTION<br><br>SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Officer Nagy

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

Name of the Defendant(s) to be served:   Officer Nagy

Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | |
| Defendant(s) | SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Officer Randi Patterson

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

Name of the Defendant(s) to be served:   Officer Randi Patterson

Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ  08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE<br><br>Plaintiff<br><br>-v-<br><br>Sherriff Shaun Golden, et al<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>Monmouth COUNTY<br>DOCKET NO.: MON-L-001438-21<br><br>CIVIL ACTION<br><br>SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Officer John Dixon

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021
Name of the Defendant(s) to be served:  Officer John Dixon

Address of the Defendant(s) to be served:  Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | SUMMONS |
| Defendant(s) | |

FROM THE STATE OF NEW JERSEY TO: LT. Dan Hansson

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

Name of the Defendant(s) to be served:   LT. Dan Hansson

Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE <br><br> Plaintiff <br><br> -v- <br><br> Sheriff Shaun Golden, et al <br><br> Defendant(s) | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> Monmouth COUNTY <br> DOCKET NO.: MON-L-001438-21 <br><br> CIVIL ACTION <br><br> **SUMMONS** |

FROM THE STATE OF NEW JERSEY TO:  Officer Amanda Atkinson

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

    Name of the Defendant(s) to be served:   Officer Amanda Atkinson

    Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | |
| Defendant(s) | SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Officer Kenya Davis

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021
   Name of the Defendant(s) to be served:   Officer Kenya Davis

   Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | |
| Defendant(s) | SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Officer Stephanie Welch

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

    Name of the Defendant(s) to be served:   Officer Stephanie Welch

    Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | SUMMONS |
| Defendant(s) | |

FROM THE STATE OF NEW JERSEY TO:  Officer Ben Markus

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*/s/ Michelle M. Smith*
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

Name of the Defendant(s) to be served:   Officer Ben Markus

Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION |
| | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| --v-- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| Defendant(s) | SUMMONS |

FROM THE STATE OF NEW JERSEY TO:  Officer Eddie Brett

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

Name of the Defendant(s) to be served:   Officer Eddie Brett

Address of the Defendant(s) to be served:   Monmouth County Sheriff's Office, 2500 Kozloski Road, Freehold, NJ 07728

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | |
| Defendant(s) | SUMMONS |

FROM THE STATE OF NEW JERSEY TO: Monmouth County Department of Corrections

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021
    Name of the Defendant(s) to be served:   Monmouth County Department of Corrections

    Address of the Defendant(s) to be served:   1 Waterworks RD, Freehold, NJ

LAW OFFICE OF KEVIN T. FLOOD, ESQ, LLC
Kevin T. Flood, Esq.
204 Towne Centre Drive,
Hillsborough, NJ 08844
(908) 705-2623

ATTORNEY FOR THE PLAINTIFF

| | |
|---|---|
| C.V. JANE DOE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | Monmouth COUNTY |
| | DOCKET NO.: MON-L-001438-21 |
| -v- | |
| | CIVIL ACTION |
| Sheriff Shaun Golden, et al | |
| | |
| Defendant(s) | SUMMONS |

FROM THE STATE OF NEW JERSEY TO: Monmouth County Correctional Institution

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED: October 11, 2021

   Name of the Defendant(s) to be served:   Monmouth County Correctional Institution

   Address of the Defendant(s) to be served:   1 Waterworks RD, Freehold, NJ

LAW OFFICE OF KEVIN T. FLOOD, ESQ., LLC
181 Route 206
Hillsborough, N.J. 08844
Phone: (908) 705-2623
Fax:    (866) 900-9305
I.D. No. 005662003
Attorney for Plaintiff

| | |
|---|---|
| C.V. JANE DOE,<br><br>                    Plaintiff,<br>                         v.<br>Sherriff Shaun Golden, Chief Jeffrey Equils,<br>Officer Thomas Mauro, Officer Nagy, Officer<br>Randi Patterson, Officer John Dixon, LT. Dan<br>Hansson, Officer Amanda Atkinson, Officer<br>Kenya Davis, Officer Stephanie Welch, Officer<br>Ben Markus, Officer Eddie Brett, Monmouth<br>County Sheriff's Office, Monmouth County<br>Department of Corrections, Monmouth County<br>Correctional Institution,  Monmouth County,<br>JOHN DOES 1-80 (Fictitious Individuals),<br>ABC CORPS 1-80 (Fictitious Corps), ABC<br>PUBLIC ENTITIES 1-80 (Fictitious Entities),<br>Jointly and Severally, Official and Individual<br>Capacities.<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO: MON- L - 001438-21<br><br>CIVIL ACTION<br><br><br>**FIRST AMENDED COMPLAINT AND<br>JURY DEMAND** |

Plaintiff C.V. JANE DOE (hereinafter plaintiff) by and through her attorney, by

way of complaint against defendants, states and alleges as follows:

## JURISDICTION

1.      This Court has jurisdiction over plaintiff's New Jersey state law claims under the

New Jersey Civil Rights Act and has Jurisdiction to hear plaintiff's Federal Civil rights

claims.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-

(4), in that claims are brought under 42 U.S.C. §1983 for the redress of rights secured by

the Fourteenth Amendment to the United States Constitution. Plaintiff's claims for

compensatory and punitive damages are authorized by 42 U.S.C. §1983; N.J. Const. art. I,¶ 1; and N.J.S.A. §§10:6-2, 59:1-2, 59:8-3, 59:9-4. If removed, This Court has supplemental jurisdiction over plaintiff's New Jersey state law claims pursuant to 28 U.S.C. §1367(a).

2.      Plaintiff's claims for attorney's fees are authorized by 42 U.S.C. §1988; N.J. Const. art. I,¶ 1; and N.J.S.A. §§10:6-2, 59:9-5.

3.      Plaintiff's claims for costs are authorized by Fed. R. Civ. P. 54(d)(1) and N.J.S.A. §10:6-2(f).

4.      Plaintiff's claims for civil penalties are authorized by N.J.S.A. §10:6-2(e).

5.      Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§2201-2202; 42 U.S.C. §1983; N.J. Const. Art. I,¶ 1; and N.J.S.A. §§10:6-2.

## PARTIES

6.      Plaintiff was an involuntary detainee at Monmouth County Correctional Institution at all dates and times alleged in the complaint.

7.      Defendant County of Monmouth (hereinafter "County") is a political subdivision of the State of New Jersey formed pursuant to the laws of the State of New Jersey.

8.      At all times relevant hereto, the County, as well as its agents, servants, and employees, was responsible for the polices, practices, supervision, implementation and conduct of all matters pertaining to the Monmouth County Correctional Institution (MCCI), as well as for the appointment, training, supervision, and conduct of all Monmouth County Correctional Institution personnel.

9.      In addition, at all relevant times, the County was responsible for enforcing the rules of the Monmouth County Correctional Institution and for ensuring that personnel

2

employed at the Monmouth County Correctional Institution obey the Constitution and laws of the United States and the State of New Jersey.

10.    Defendant   Monmouth   County   Department   of   Corrections   (hereinafter "MCDOC") is a division of the County of Monmouth which exists under the authority of the County of Monmouth.

11.    The MCDOC oversees the functions of defendant MCCI, and is responsible for the policies, practices, training, and functions of MCCI.

12.    Upon information and belief, defendant MCCI is a subdivision of the MCDOC.

13.    The MCCI is the facility where adult individuals charged with criminal offenses are held pending the attainment of bail or the disposition of their criminal matter.

14.    Defendant Monmouth County Sherriff's Office ("MCSO") oversees the functions of defendant MCCI, and is responsible for the policies, practices, training and employment of officers and staff that operate the MCCI.

15.    The   County,   MCDOC,   MCSO,   and   the   MCCI   are   all   public   entities amendable to suit.

16.    Defendants County, MCDOC, MCSO all operate the MCCI, which is a facility that detains women, is a place of public accommodation subject to the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-12, et. seq.

17.    At all relevant times hereto, defendant Sherriff Shaun Golden (hereinafter "defendant Golden" and/or "Golden"), is and was the Sherriff of the MCSO overseeing and supervising the MCDOC and the MCCI.

18.    Defendant Golden is charged with the responsibility for developing and implementing policies, practices, and functions of the MCDOC and the MCCI.

19.    Defendant Golden is also charged with overseeing the screening, training,

3

supervision, and discipline of officers at the MCDOC and the MCCI.

20.   At all relevant times hereto, defendant Chief Jeffrey Equils (hereinafter "defendant Equils" and/or "Equils"), is and was Chief of Investigations at MCDOC and the MCCI.

21.   At all relevant times hereto, defendant Dan Hansson (hereinafter "defendant Hansson" and/or "Hansson"), is and was a Lieutenant at MCDOC and the MCCI.

22.   Defendants Golden, Equils, and Hansson were charged with the responsibility for developing and implementing policies, practices, and functions of the MCDOC and the MCCI.

23.   Defendants Golden, Equils, and Hansson were also charged with overseeing the screening, training, supervision, and discipline of officers at the MCDOC and the MCCI.

24.   At all relevant times hereto, plaintiff was an involuntary resident of MCDOC and the MCCI under the custody, control, and care of all named defendants herein when the injuries to plaintiff by corrections officers occurred.

25.   The primary mission of the MCDOC and the MCCI is to provide for the safety of all inmates in their custody and control.

26.   At all times relevant hereto, defendants Golden, Equils, and Hansson were ultimately responsible for the health, safety, security, welfare and humane treatment of all adult detainees at the MCDOC and the MCCI, which included plaintiff.

27.   At all times relevant hereto, defendants Golden, Equils, and Hansson oversaw, supervised, and had direct control over the management and operations of the entire MCDOC and the MCCI, and was responsible for policies and procedures, as well as training and hiring.

4

28.     At all times relevant hereto, defendants Golden, Equils, and Hansson were negligently, recklessly, deliberately and/or willfully indifferent to the safety, protection, and civil rights of plaintiff.

29.     Defendants Golden, Equils, and Hansson ignored MCDOC and the MCCI staff's lack of sufficient training in policies and procedures, both written and unwritten, by inadequately addressing the MCDOC and the MCCI's mission of creating a safe, secure, and appropriate environment for the involuntarily detained adult arrestees in the MCDOC and the MCCI's custody, which included plaintiff.

30.     At all times relevant hereto, defendants Golden, Equils, and Hansson oversaw, supervised, and had direct control over the management and operations of the entire MCDOC and the MCCI, and was responsible for the MCDOC and the MCCI's policies and procedures, as well as training and hiring.

31.     At all times relevant hereto, defendants Golden, Equils, and Hansson were negligently, recklessly, deliberately and/or willfully indifferent to the safety, protection, and civil rights of plaintiff.

32.     Defendants Golden, Equils, and Hansson ignored the MCDOC and the MCCI staff's lack of sufficient training in policies and procedures, both written and unwritten, by inadequately addressing the MCDOC and the MCCI's mission of creating a safe, secure, and appropriate environment for the involuntarily detained adults in the MCDOC and the MCCI's custody, which included plaintiff.

33.     Defendant Officer(s) Thomas Mauro, Officer Nagy, Randi Patterson, John Dixon, Amanda Atkinson, Kenya Davis, Stephanie Welch, Ben Markus, Eddie Brett (hereinafter referred to by their last names),  and JOHN DOES 1-25, were at all times relevant

5

hereto residents of the State of New Jersey; employed by defendant(s) County, MCSO, MCDOC and the MCCI; supervised by Golden, Equils, and Hansson; and responsible for the health, safety, security, welfare and humane treatment of all adults involuntarily detained at the MCDOC and the MCCI, which included plaintiff.

34.    At all times relevant hereto, defendant(s) Mauro, Nagy, Patterson, Dixon, Atkinson, Davis, Welch, Markus, Brett, and JOHN DOES 1-25 failed to properly maintain and monitor plaintiff's well-being, safety and security while plaintiff was in their custody and control.

35.    At all times relevant hereto, defendant(s) Mauro, Nagy, Patterson, Dixon, Atkinson, Davis, Welch, Markus, Brett, and JOHN DOES 1-25 were acting under color of state law, within the scope of his/her employment and authority, and pursuant to the written and unwritten policies, customs, and practices of defendant(s) County, MCSO, MCDOC and the MCCI, Golden, Equils, and Hansson which significantly contributed to the civil right violations asserted herein.

36.    At all times relevant hereto, defendant(s) ABC CORPS 1-10, and defendant(s) ABC PUBLIC ENTITIES 1-10, being fictitious identities and representing unnamed entities who violated plaintiff's rights and/or were a proximate cause or substantial factor of plaintiff's damages.

37.    At all times relevant hereto, defendant(s) County, MCSO, MCDOC and the MCCI, Golden, Equils, and Hansson, JOHN DOES 1-25, ABC CORPS 1-10, and ABC PUBLIC ENTITIES 1-10, acting under color of law, were responsible for the hiring, training, supervision, discipline, retention, termination, and promotion of defendant corrections officer, inclusive of the defendants herein.

6

38.     At all times relevant hereto, ALL defendants herein were acting under color of law, pursuant to statutes, constitution, ordinances, regulations, policies, and customs of the State of New Jersey and the United States.

39.     The term "defendants" refers collectively to the defendant(s) County, MCSO, MCDOC and the MCCI, Golden, Equils, Hansson,  Mauro, Nagy, Patterson, Dixon, Atkinson, Davis,  Welch, Markus, Brett JOHN DOES 1-25, ABC CORPS 1-10, and ABC PUBLIC ENTITIES 1-10.

40.     All defendants are being sued in their individual and official capacities.

41.     Defendants John Does 1-25 (Fictitious Individuals), being fictitious identities, names being gender neutral, were at all times relevant hereto residents of the State of New Jersey; employed by defendant(s) Monmouth County Sheriff's Office, Monmouth County Department of Corrections, Monmouth County Correctional Institution, Monmouth County; supervised by defendants; and responsible for the health, safety, security, welfare and humane treatment of all adults involuntarily detained at the Monmouth County Correctional Institution, which included plaintiff.

42.     At all times relevant hereto, defendant(s) ABC CORPS 1-10(Fictitious Corps), and defendant(s) ABC PUBLIC ENTITIES 1-10, being fictitious identities and representing unnamed entities who violated plaintiff's rights and/or were a proximate cause or substantial factor of plaintiff's damages.

43.     It is the intention of plaintiff's attorney to amend this complaint if and when discovery reveals the identities of any unknown defendants.

## FACTS COMMON TO ALL COUNTS.

44.     Plaintiff became an involuntary detainee at MCCI on March 6, 2019, where plaintiff was placed in the female unit (F-1) for the duration of her incarceration, minus

7

the initial few days each new female inmate must spend in a "classification" cell (F-2).

45.   In March of 2019, the corrections officers (C.O.) assigned to F-1 were Jonathan Smith for first shift (7am-3pm) and Richard Malozzi for second shift (3pm-11pm).

46.   The first two floors of F-1 were designated for non-working female inmates and the top floor was designated for inmates who worked on the unit only.

47.   While detained, plaintiff was cleared on April 7, 2019, to be what is called a "House Lady" and continued in that role until released October 14, 2019.

48.   Being approved to be a "House Lady" meant you permitted to work certain jobs while detained at MCCI.

49.   The only way for an inmate to become a "House Lady" was if Smith and Malozzi both agreed to hire you.

50.   Once offered a position as a "House Lady", your background information was forwarded to classification so that the small wages (around $5) you earned were added to your commissary account once each week, and that if you were a worker who had already been sentenced to the MCCI, you were to receive two days off your sentence for every ten days that you are a worker within MCCI.

51.   On April 27, 2019, a sexual encounter occurred in the officer's bathroom in F-1 between plaintiff and defendant Officer Thomas Mauro, resulting in Mauro losing his employment with the MCSO as well as being arrested and charged with official misconduct and criminal sexual contact (hereinafter the "incident').

52.   In May of 2020, Mauro pled guilty to criminal sexual contact for the April 27, 2019 incident between he and plaintiff, resulting in him being placed on probation and forfeiting his ability to ever hold public office again.

8

53.   The news of Mauro's arrest became the topic of conversation throughout the MCCI.

54.   Plaintiff's identity as the woman involved in Mauro's arrest was immediately known throughout MCCI by both staff and inmates.

55.   Plaintiff anticipated receiving some backlash from other inmates for the incident, however, plaintiff did not anticipate the acts of harassment, belittlement, torture and retaliation from corrections officers for the incident.

56.   Plaintiff was ridiculed and harassed openly and directly by C.O.'s regarding the incident.

57.   C.O.'s would always ensure there was a crowd of inmates and staff around when they ridiculed plaintiff, if there were no crowds, the harassing comments were said loud enough for other staff or inmates to hear it.

58.   The harassing comments regarding the incident by C.O.'s caused plaintiff to be traumatized and suffer severe emotional distress.

59.   Whenever defendant Officer Nagy came to plaintiff's unit, he would make it a point to harass plaintiff.

60.   Nagy's harassment would normally start with him going to the officer's podium in F-1 and continually repeating plaintiff's name on the loudspeaker demanding plaintiff's presence at the podium because he needed to tell her something.

61.   Each time plaintiff complied with Nagy's demand it would end with the same result, her being forced to go through the walk of shame all the way up to the podium only to have Nagy say, "I just wanted to say hi. Hi. Ok, you can go now."

9

62.     There were also times plaintiff would walk near the podium and Nagy would jump back with his hands in the air making a scene saying, "Oh no, not me! You're not taking my pension too! Back away from the podium…!"

63.     This constant harassment caused plaintiff such emotional distress and embarrassment, that she would just retreat to her cell, shut the door and hide until another C.O. replaced Nagy.

64.     In July of 2019, defendant Officer John Dixon replaced Smith as the first shift C.O. in F-1, and defendant Officer Randi Patterson relaced Malozzi as the second shift C.O. in F-1.

65.     Patterson also continually harassed plaintiff while she was on F-1, but one particular incident stood out.

66.     As part of plaintiff's responsibilities as a "House Lady", she was required to use a cleaning solution called "Quat" which was stored in a supply closet.

67.     On one particular afternoon, plaintiff was waiting for central command to pop the Sallyport door so plaintiff could obtain "Quat" from the supply closet.

68.     While obtaining "Quat", there was a group of five or so female inmates standing in her vicinity when Patterson noticed plaintiff standing in the Sallyport with the jug of "Quat".

69.     Patterson popped the door and yelled at plaintiff "…, what do you think you're doing?"  Plaintiff lifted up the jug of "Quat" and informed Patterson she was going out to the supply closet to obtain "Quat" as they were all out.  Patterson responded, "Are you out of your fucking mind…?  Do you really think I'm gonna just send you, of all people, out there to be alone in a closet with another male officer? What, one wasn't enough for

10

you?" Patterson then looked over at the other women laughing and said, "Like I'm gonna just let her go and ruin another fucking cop's life! Yeah right! Fuck her! She really has some nerve to be standing over by the door cop shopping right now! She must be picking out her next victim!" Patterson continued, "Not on my watch... Get your ass back in here, and leave the jug. I'll make sure it gets filled. Don't you worry about it."

70.     Traumatized, plaintiff dropped the jug, ran to her cell crying where she spent the next 24 hours.

71.     The C.O. who by far was the worst offender, and who was responsible for the never-ending torture of plaintiff, was Dixon.

72.     Dixon refused to call plaintiff by her real name, and instead always referred to her as "Mrs. Mauro."

73.     Any time plaintiff used the phone, Dixon was relentless in either saying quietly in her ear, or yelling from across the unit "Is that Tom? Tell him I said hi!"

74.     At one point Dixon panicked because he believed that plaintiff was reporting his harassing comments, so in August of 2019, Dixon pulled her aside and threatened she needs to keep her mouth shut about him or he would have her transferred to a different county.

75.     At one point the stress from the incident caused her to seek help from the mental health unit whereby she met with a mental health worker (MHW Jane Doe #1).

76.     After plaintiff's initial meeting with MHW Jane Doe #1, plaintiff was informed by MHW Jane Doe #1 that MCCI's prescribing physician would be coming to see her.

77.     Plaintiff met with MCCI's prescribing physician (Dr. John Doe #1) to discuss the issues she was having.

11

78.     Dr. John Doe #1 prescribed her medications for night terrors and depression.

79.     The week following plaintiff's sessions with MH Jane Doe #1 and Dr. John Doe #1, a woman named Dr. Caputo visited plaintiff to speak with her.

80.     Dr. Caputo and plaintiff agreed to meet for one hour therapy sessions each week which continued throughout her detainment and up until she was released.

81.     The sessions started in May of 2019 and were productive for about two months until the bids changed and the regular officers switched from Smith to Dixon for the first shift, and Malozzi to Patterson for the second shift.

82.     Aside from being a "House Lady", plaintiff was also what is called a "green band worker", which was identified by her wearing a green band around her wrist.

83.     Being a "green band worker" meant she had clearance to leave her unit for a work detail, as long as she was escorted by a female officer.

84.     Friday June 21, 2019, Smith asked plaintiff if she would be able to go and clean some administrative offices where she would be supervised by a woman named Ernestine; plaintiff agreed.

85.     On Tuesday June 25, 2019, Smith again asked plaintiff if she would be able to go and clean some administrative offices; plaintiff agreed.

86.     After plaintiff completed her cleaning assignment, she returned to F-1 in the late morning.

87.     After lunch, Smith, noticeably annoyed, called plaintiff over to his desk where he informed plaintiff that LT. Dan Hansson complained to Smith about plaintiff and asked him why on Earth he would send plaintiff down to clean the captain's office. Smith pointed out the obvious that plaintiff was an approved green band worker and he had to

send someone to clean the captain's office because the person who was responsible for that job was not available that day.

88.     Hansson remarked to Smith that plaintiff was involved in the incident with Mauro and questioned Smith as to whether he really thought it was appropriate to send plaintiff to clean the captain's office.

89.     Smith again explained that plaintiff was an approved "green band worker" and he needed to send someone to work that day.

90.     Hansson informed Smith to never use her again to clean the administrative offices.

91.     Smith then asked Hansson that since he did not want plaintiff working as a "green band worker" should he cut the band off her arm, which would require a report explaining why the band was cut off, and further noting that his report would have to explain that he cut off plaintiff's band by order of Hansson because he ordered that plaintiff was to never be sent to clean the administrative offices again because of her being the victim in the incident that took place between her and Mauro.

92.     Hansson relented as to cutting the band off plaintiff's arm because he did not want a paper trail of his retaliatory conduct against plaintiff, especially since she was the victim in the sex assault case against Mauro, however, he did order Smith not to send plaintiff to clean the administrative offices ever again.

93.     In early August of 2019, Dixon had taken several days off and his shifts on F-1 were being covered by Officer Amanda Atkinson.

13

94.     During that time, plaintiff was working in F-1's laundry room when Atkinson approached plaintiff inquiring into whether she was pregnant, at one point stating, "You're not pregnant, are you? Please dear God don't tell me he knocked you up."

95.     Even though feeling uncomfortable in having to respond to Atkinson's inquisition, plaintiff clearly denied being pregnant.

96.     The next morning plaintiff was curiously put on the list of inmates from F-1 going to the medical unit and was not told why she needed to go.

97.     When plaintiff arrived at the medical unit, she was approached by a nurse named Mary who handed her a cup and asked for a urine sample.

98.     Mary further informed plaintiff she would need to give a blood sample when she was done providing her urine.

99.     Plaintiff responded that she wished to sign a refusal form as she did not want to provide blood.

100.    After plaintiff provided the urine sample, Mary asked plaintiff if she was sure that wanted to sign the refusal form, plaintiff confirmed that she did.  It was then that Mary finally informed plaintiff that there was a new protocol at MCCI that requires any female inmate who had been there for four months or longer to take a pregnancy test.

101.    Plaintiff called the new policy into question and informed Mary that if she knew the urine sample was for a pregnancy test, she would have refused that too, and re-affirmed her position that she was not providing a blood sample and would be signing the refusal form.

14

102.    Feeling her privacy rights had been violated, when plaintiff returned to F-1 she approached Atkinson and questioned her as to what she did that led to her being forced to take a pregnancy test.

103.    Atkinson responded, "I'm not the only one who noticed, I'm just the one who gave you a heads up."

104.    That comment made plaintiff feel incredibly uncomfortable as Atkinson had pointed out that everyone in the jail appeared to be looking at her body and judging her, which caused her to feel even more self-conscious about her weight and what people were saying, and what they were willing to have her do next by making the wrong assumption she was pregnant.

105.    About an hour after plaintiff's interaction with Atkinson, she was told she had to return to the medical unit.

106.    When plaintiff returned to the medical unit, she was told by Officer Kenya Davis, who was the C.O. supervising the medical unit that morning, that plaintiff needed to give a urine sample AGAIN because no one was watching when she gave the urine sample the first time.

107.    Plaintiff informed Davis she just went to the bathroom and could not pee. Without missing a beat, Davis filled up a little paper cup with water, handed it to plaintiff and said, "Well then, I guess you better start drinking."

108.    After ten minutes and 3-4 cups of water, plaintiff became upset and even more uncomfortable with what she was being forced to do, so she informed Davis that she really didn't want to give a urine sample and that she was just going to sign the refusal form for the urine as well.

109.    Davis looked over at plaintiff, rolled her eyes, and informed plaintiff that she could not refuse because "they" wanted plaintiff to re-do the test.

110.    After a few minutes, a Dr. Dan walked out of the nurse's office, plaintiff then asked Dr. Dan why she was not allowed to refuse giving the urine sample.  Dr. Dan responded, "Just give the urine" and walked away without any explanation.

111.    While plaintiff waited in the hallway during this whole ordeal, she also had to endure two C.O.'s, Stephanie Welch and Ben Markus, standing in the doorway looking her up and down and openly debating whether she looked pregnant or fat.

112.    Fearing she would be thrown in lockdown (J-Pod) for refusing to give the urine sample for the pregnancy test, she relented and provided the urine sample.

113.    Adding to the whole stressful ordeal, was the fact they never initially told plaintiff what the urine sample was for, she was just told to pee and assumed they were just testing the levels for the medications she was on.

114.    Plaintiff was so distressed by this whole ordeal that when she returned to F-1, she asked Atkinson to call Dr. Caputo to see if she could have their weekly session earlier that day because she needed help.

115.    Dr. Caputo came early and plaintiff informed Dr. Caputo of the whole ordeal regarding the urine sample and the pregnancy test.

116.    Based upon plaintiff's conversation with Dr. Caputo, plaintiff was sent to medical for the third time that day to meet with Dr. Caputo's supervisors.

117.    Belle and Joe were the supervisors of both the medical and mental health departments at MCCI.

16

118.    Plaintiff told Belle all the details involving her being required to give urine samples for a pregnancy test.

119.    Belle informed plaintiff she was not aware about her having to submit to urine or blood samples, that she did not authorize the tests, and that she would be conducting an investigation as to what happened.

120.    Belle further informed there is no new protocol requiring inmates take a pregnancy test after 4 months of being incarcerated at MCCI and that plaintiff did have the right to refuse to give the urine samples.

121.    The following morning, Dixon returned from his time off.

122.    While plaintiff and the other "House Ladies" were setting up to do their work, Dixon called plaintiff outside into the yard to talk with her one on one and cryptically asked her what happened over the last two days he was out.

123.    Dixon informed plaintiff he had heard that she was complaining to Dr. Caputo about being harassed by C.O.'s, but didn't want her to say anything because she did not want to be placed in protective custody.

124.    Plaintiff immediately felt threatened because Dixon knew that it was Dixon's harassing behavior that plaintiff was complaining about.

125.    Dixon warned plaintiff he was not afraid of Internal Affairs (IA) and that he had already spoken to IA.

126.    Dixon then informed plaintiff that she was about to be sent to a different correctional facility, but had asked Chief Equals to hold off until he first talked to plaintiff to see if it was a just a so-called "misunderstanding" between plaintiff and Dr. Caputo.

127.    Dixon went on to threaten that if plaintiff was really being harassed, he could have her moved to a different jail far away, like Cape May County, where no one would know her and she could just finish out the rest of her sentence there.

128.    Fearing any more repercussions, plaintiff played along and told Dixon that it was clearly all just one big "misunderstanding", that she was doing great, no one was bothering her at all, and that she would very much like to finish up her time at MCCI and put this all behind her.  Dixon bogusly responded, "Great, that's exactly what I thought you would say! I'll be sure to pass that along to IA, and I think it's safe to assume we won't be having any more problems like this, right?" Again, fearing any repercussions, plaintiff begrudgingly responded, "Absolutely…"

129.    Thereafter, plaintiff was called down to IA to speak to Equals and Brett about the incident with the medical department.

130.    When plaintiff sat down, Equals laughed and said "Wow this turned into a mess. I just wanted to call you down and make sure that none of "my guys" had anything to do with this one!"

131.    Plaintiff informed Equals and Brett, without mentioning Atkinson's name, that it was "his guys" who were the ones who started all of this in the first place, since she was the one to make the initial comment about plaintiff being pregnant.

132.    Equals and Brett pressed plaintiff on Atkinson's name, and if any other corrections officers were bothering her, but again, fearing any repercussions, especially after the threatening encounter with Dixon, plaintiff informed she did not want to disclose any names and she just wanted to finish out her time.

18

133.    Plaintiff begrudgingly told Equals and Brett that she was fine, and everyone was just great.  In response, Brett laughed and said "you're just as bad of a liar now as you were back in May!" Brett further commented, "We can't help you if you don't tell us who's bothering you, ..."   Not trusting Equals or Brett, and again, fearing any repercussions, plaintiff told them she was fine and went back to her unit.

134.    Plaintiff spent every day of the rest of her sentence looking over her shoulder and waiting for the next shoe to drop.

135.    Then, approximately 3 weeks before plaintiff's release, without any basis whatsoever, plaintiff's cell was inexplicably raided by over a dozen officers.

136.    Even though no evidence of criminality was found, plaintiff was still taken to booking, ran through an x-ray machine, strip searched, made to squat naked and cough in front of a female officer, then ran through an a-ray machine a second time.

137.    The aforementioned raid on plaintiff's cell and subsequent searches of her person by MCCI corrections officers did not reveal any evidence of criminality.

138.    From the day Mauro was arrested until the day she was released, plaintiff was subject to harassment and additional forms of punishment that exceeded the punishment of being incarcerated.

139.    Plaintiff was subject to months of emotional distress caused by harassment and fear that came with having to constantly look over her shoulder while being confined to this state-run institution with nowhere to turn.

140.    Plaintiff is still dealing with the trauma, anxiety and depression that came from the abuse by these defendants.

19

141.    Plaintiff was unable to escape the continued retaliatory harassment because of her confinement to the MCCI.

142.    Whether it was a joke made by a random officer who occasionally came on the unit, or the constant stream of harassing comments that were made daily by one of her regular corrections officers, it was a relentless, never ending psychological assault on plaintiff, torturing her throughout her detainment at MCCI and leaving her with lasting psychological trauma and damage that plaques her to this day.

143.    As a result of defendants' conduct, plaintiff suffered permanent harm, including, but not limited to a violation of her right to be free of sexual harassment and discrimination, loss of earnings and depreciation of earning capacity, loss of activities, mental pain and suffering, psychological/psychiatric injury, embarrassment, humiliation and degradation, the loss of normal pleasures and enjoyment of life, as well as having to receive and undergo psychological and medical attention.

## COUNT ONE
### Plaintiff v. Defendants.
### NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5-1 et seq.

144.    Plaintiff repeats the allegations above as if set forth at length herein.

145.    Plaintiff was subject to a hostile environment and sexual harassment.

146.    This count is pled pursuant to the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1, et. seq.

147.    MCCI is a place of public accommodation pursuant NJLAD, N.J.S.A. 10:5-1, et. seq.

148.    Defendants had complete care, custody, and control over plaintiff such that the impact of threatening, harassing, or discriminatory conduct was magnified.

20

149.    The herein described course of sexual harassment and sexual assault by Mauro was committed within the course and scope of his employment in a supervisory position over plaintiff and aided by such authority granted him by defendants.

150.    The herein described course of harassment by the other named defendants was committed within the course and scope of their employment in supervisory positions over plaintiff and aided by such authority granted them by defendants.

151.    The herein described course of sexual harassment and sexual assault by defendant Officer Thomas Mauro, as well as the herein described harassing atmosphere at the facility by other named defendants, created a hostile, threatening, demeaning, and abusive environment based on plaintiff's sex in violation of NJLAD.

152.    The herein described conduct was sufficiently outrageous that a similarly situated person would have perceived it to create a hostile environment.

153.    Mauro was in a position of supervision and control over plaintiff and was empowered by defendants to control plaintiff's daily activities and to take or initiate tangible disciplinary action against plaintiff and was aided in his actions by such authority and control.

154.    The other named defendants were in a position of supervision and control over plaintiff and were empowered by defendants to control plaintiff's daily activities and to take or initiate tangible disciplinary action against plaintiff and were aided in their actions by such authority and control.

155.    Defendants were independently negligent and/or reckless in that they knew or should have known of the conduct of Mauro, as well as the other numerous named defendants who harassed plaintiff, and failed to take corrective action and/or failed to

enact or enforce effective policies or practices to prevent or address sexual harassment, harassment, retaliation, or/or assault at MCCI.

156.     As a result of defendants' conduct, plaintiff suffered permanent harm including, but not limited to a violation of her state civil right to be free of discrimination based on sex, state constitutional rights to due process and against cruel and unusual punishment, loss of earnings and depreciation of earning capacity, loss of activities, mental pain and suffering, psychological/psychiatric injury, embarrassment, humiliation and degradation, the loss of the normal pleasures and enjoyment of life, as well as having to receive and undergo psychological and medical attention.  Plaintiff has come to expend various sums of money and to incur various expenses for the injuries suffered and may have to expend such sums in the future and are entitled to reimbursement for medical expenses including, but not limited to, out-of-pocket expenses, deductible and co-payment out-of-pocket expenses, all health insurance liens, Medicare liens, Medicaid liens and any other reimbursement due for any reasonable and necessary medical expenses incurred or to be incurred as the result of this incident.

157.     As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of

22

action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWO
### Plaintiff v. Defendants
### NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
### NEW JERSEY CONSTITUTION SUBSTANTIVE DUE PROCESS: SPECIAL RELATIONSHIP

158.    Plaintiff repeats the allegations above as if set forth at length herein.

159.    At all times relevant hereto, defendants had a special relationship with plaintiff, which imposed upon defendants an affirmative duty to care for and protect plaintiff under the New Jersey State Constitution, Article 1, ¶1 substantive due process right.

160.    Defendants breached that duty.   Defendants' actions and omissions were a substantial departure from the exercise of reasonable professional judgment, practice, and standards, and amounted to deliberate indifference to plaintiff's rights and welfare.

161.    The actions and inactions resulted in the aforementioned harms.

162.    By virtue of the foregoing, defendants deprived plaintiff of various rights protected by the New Jersey State Constitution.

163.    Defendants failed to ensure the safety and well-being of plaintiff, thus proximately causing substantial and unnecessary physical, emotional, financial, developmental, psychological, and/or psychiatric harm.

164.    Defendants arbitrarily and capriciously deprived plaintiff of her due process rights in the absence of any countervailing state interest, and caused plaintiff substantial and unnecessary physical, emotional, developmental, financial, psychological, and/or psychiatric harm as a result.

165.    Plaintiff substantive due process rights were clearly established constitutional rights at the time of defendants' acts and/or omissions, and a reasonable individual would have known that their acts and/or omissions would violate these clearly established constitutional rights.

166.    Defendants deprived plaintiff of various rights and privileges set forth in the New Jersey State Constitution, which deprivations are actionable pursuant to the New Jersey Civil Rights Act, NJSA 10:6-1 et seq. ("NJCRA").

167.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by N.J. Constitution which violations are made actionable by the NJCRA.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT THREE**
**Plaintiff v. Defendants**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**NEW JERSEY CONSTITUTION SUBSTANTIVE DUE PROCESS: STATE-CREATED DANGER**

168.    Plaintiff repeats the allegations above as if set forth at length herein.

169.    The New Jersey State Constitution, Article 1, ¶1 guarantees plaintiff the substantive due process right to be free from state-created dangers.

170.    Defendants violated this right by taking steps which placed plaintiff at imminent and foreseeable risk of legal danger and harm.

171.    The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that plaintiff suffered after being detained was foreseeable, and directly, and proximately caused by defendants' unconstitutional acts and/or omissions.

172.    Defendants acted with callous and willful disregard for plaintiff's safety by allowing a dangerous and/or wrongful conditions which led to the injuries to plaintiff.

173.    At the time of plaintiff's injury, defendants and plaintiff had a special relationship.

174.    Defendants arbitrarily and capriciously deprived plaintiff of her due process rights in the absence of any countervailing state interest.

175.    Plaintiff's substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of defendants' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

176.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by N.J. Constitution which violations are made actionable by the NJCRA.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory

25

damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT FOUR**
**Plaintiff v. Defendant Officer Thomas Mauro.**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**EXCESSIVE FORCE**

177.   Plaintiff repeats the allegations above as if set forth at length herein.

178.   Defendant also utilized excessive, unjustified and unreasonable force upon plaintiff.

179.   Under the circumstances, the conduct of defendants was unreasonable.

180.   The aforementioned conduct by defendant is in violation of plaintiff's constitutional right to liberty, freedom from unreasonable searches and seizures, freedom from excessive and unreasonable force, substantive due process, and other rights guaranteed by Article 1, Paragraphs 1 and 7 of the New Jersey Constitution which violations are made actionable via the NJCRA.

181.   As a direct and proximate result of the excessive, unjustified and unreasonable use of force by defendant, plaintiff suffered damages in connection with the deprivation of said constitutional rights guaranteed by Article 1, Paragraphs 1 and 7 of the New Jersey Constitution which violations are made actionable via the NJCRA.

182.    As a direct and proximate result of the acts and/or omissions of defendant as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by N.J. Constitution which violations are made actionable by the NJCRA.

**WHEREFORE,** the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT FIVE
**Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, Officer Nagy, Officer Randi Patterson, Officer John Dixon, LT. Dan Hansson, Officer Amanda Atkinson, Officer Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, and Officer Eddie Brett, MCSO, MCDOC, MCCI, and County.**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**RETALIATION**

183.    Plaintiff repeats the allegations above as if set forth at length herein.

184.    The N.J. Constitution prohibits adverse governmental action taken against an individual in retaliation for protected activities, such as freedom of speech and/or seeking redress from the courts.

185.    Plaintiff engaged in protected activity which involved her being a victim in sexual assault crime who spoke to law enforcement about said assault.

27

186.   Defendants retaliated against plaintiff for engaging in said protected activity.

187.   As a direct and proximate result of the retaliatory actions by defendants, plaintiff was damaged.

188.   Defendants had a duty and a reasonable opportunity to intervene to prevent these acts of retaliation against plaintiff and failed to do so.

189.   As a direct and proximate cause of defendants' failure to intervene, plaintiff suffered damages in connection with the deprivation of said constitutional rights guaranteed by the New Jersey Constitution which violations are made actionable via the NJCRA.

190.   As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by N.J. Constitution which violations are made actionable by the NJCRA.

**WHEREFORE,** the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

28

## COUNT SIX
### Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO, MCDOC, MCCI, and County.
### NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2
### SUPERVISORY LIABILITY

191.    Plaintiff repeats the allegations above as if set forth at length herein.

192.    Defendants were supervisory officials and/or officers in charge at the time plaintiff was harmed.

193.    Defendants had a duty to prevent subordinate officers from violating the constitutional rights of plaintiff.

194.    Defendants had knowledge of and acquiesced in their subordinates' violations of plaintiff's constitutional rights.

195.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by N.J. Constitution which violations are made actionable by the NJCRA.

    **WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

29

**COUNT SEVEN**
**Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO,**
**MCDOC, MCCI, and County.**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-2**
**UNLAWFUL POLICY, CUSTOM, PRACTICE, INADEQUATE TRAINING,**
**FAILURE TO DISCIPLINE**

196.    Plaintiff repeats the allegations above as if set forth at length herein.

197.    Defendants are vested with the authority to make policy impacting the safety of

involuntary detainees at the MCCI.

198.    Defendants are vested with the authority to train its employees and/or

subordinates which impact the safety of involuntary detainees at the MCCI.

199.    At all times mentioned herein, individual defendants as corrections officers,

agents, servants and/or employees of defendants, were acting under the direction, control,

and pursuant to the official policy, practice or custom of the MCSO, MCDOC, MCCI,

and County.

200.    Acting under color of law pursuant to official policy, practice, or custom,

defendants intentionally, knowingly, recklessly and/or with deliberate indifference failed

to train, instruct, supervise, control, and/or discipline, on a continuing basis individual

defendant, and/or other law enforcement members of the MCSO, MCDOC, MCCI, and

County in their duties to refrain from harming, harassing, sexually assaulting detainees

and/or violating a detainee's individual and/or constitutional rights.

201.    Defendants were aware of incidents involving individual defendants, and/or other

law enforcement members of the MCSO, MCDOC, MCCI, and County whereby they

customarily and frequently subjected detainees to the tortious and constitutional wrongs

set forth in the previous paragraphs.

30

202.    Despite their awareness, defendants failed to employ any type of corrective or disciplinary measures against individual defendants, and/or other law enforcement members of the MCSO, MCDOC, MCCI, and County.

203.    Defendants had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline defendants, and/or other law enforcement members of the MCSO, MCDOC, MCCI, and County on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore, were about to be committed.

204.    Defendants had the power and authority to prevent, or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

205.    Defendants directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants and/or other law enforcement members of the MCSO, MCDOC, MCCI, and County.

206.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by N.J. Constitution which violations are made actionable by the NJCRA.

    **WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest,

31

attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT EIGHT
### Plaintiff v. Defendants.
### 42 U.S.C. §1983: WILLFUL DISREGARD OF RIGHTS

207.    Plaintiff repeats the allegations above as if set forth at length herein.

208.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT NINE**
**Plaintiff v. Defendants.**
**42 U.S.C. §1983: SPECIAL RELATIONSHIP**

209.    Plaintiff repeats the allegations above as if set forth at length herein.

210.    At all times relevant hereto, defendants had a special relationship with plaintiff, which imposed upon defendants an affirmative duty to care for and protect plaintiff under the United States Constitution.

211.    Defendants breached that duty.   Defendants' actions and omissions were a substantial departure from the exercise of reasonable professional judgment, practice, and standards, and amounted to deliberate indifference to plaintiff's rights and welfare.

212.    The actions and inactions resulted in the aforementioned harms.

213.    By virtue of the foregoing, defendants deprived plaintiff of various rights protected by the United States Constitution

214.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7)

33

Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TEN
### Plaintiff v. Defendants.
### 42 U.S.C. §1983: STATE-CREATED DANGER

215.   Plaintiff repeats the allegations above as if set forth at length herein.

216.   The United States Constitution guarantees plaintiff the substantive due process right to be free from state-created dangers.

217.   Defendants violated this right by taking steps which placed plaintiff at imminent and foreseeable risk of legal danger and harm.

218.   The physical, emotional, developmental, financial, psychological, and/or psychiatric harm that plaintiff suffered after being detained was foreseeable, and directly, and proximately caused by defendants' unconstitutional acts and/or omissions.

219.   Defendants acted with callous and willful disregard for plaintiff's safety by allowing a dangerous and/or wrongful conditions which led to the injuries to plaintiff.

220.   At the time of plaintiff's injury, defendants and plaintiff had a special relationship.

221.   Defendants arbitrarily and capriciously deprived plaintiff of her due process rights in the absence of any countervailing state interest.

222.   Plaintiff's substantive due process rights to be free of state-created dangers were clearly established constitutional rights at the time of defendants' acts and omissions, and a reasonable individual would have known that their acts and omissions would violate these clearly established constitutional rights.

34

223.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT ELEVEN
**Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO, MCDOC, MCCI, and County.**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – SUPERVISORY OFFICIALS**

224.    Plaintiff repeats the allegations above as if set forth at length herein.

225.    Defendants were supervisory officials and/or officers in charge at the time plaintiff was harmed.

226.    Defendants had a duty to prevent subordinate officers from violating the constitutional rights of plaintiff.

227.    Defendants had knowledge of and acquiesced in their subordinates' violations of plaintiff's constitutional rights.

35

228.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT TWELVE
**Plaintiff v. Chief Jeffrey Equils, Officer Nagy, Officer Randi Patterson, Officer John Dixon, LT. Dan Hansson, Officer Amanda Atkinson, Officer Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, and Officer Eddie Brett.**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – FAILURE TO INTERVENE**

229.    Plaintiff repeats the allegations above as if set forth at length herein.

230.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory

damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

**COUNT THIRTEEN**
**Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO, MCDOC, MCCI, and County.**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – INADEQUATE TRAINING**

231.    Plaintiff repeats the allegations above as if set forth at length herein.

232.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7)

37

Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT FOURTEEN
### Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO, MCDOC, MCCI, and County.
### 42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – INADEQUATE SUPERVISION

233.    Plaintiff repeats the allegations above as if set forth at length herein.

234.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT FIFTEEN
### Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO, MCDOC, MCCI, and County.
### 42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER-FAILURE TO ADOPT A NEEDED POLICY

235.    Plaintiff repeats the allegations above as if set forth at length herein.

236.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT SIXTEEN
**Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, LT. Dan Hansson, MCSO, MCDOC, MCCI, and County.**
**42 U.S.C. §1983: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER-UNLAWFUL POLICY, CUSTOM, PRACTICE, FAILURE TO DISCIPLINE**

237.    Plaintiff repeats the allegations above as if set forth at length herein.

238.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory

39

damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT SEVENTEEN
#### Plaintiff v. Defendant Officer Thomas Mauro.
#### 42 U.S.C. §1983: EXCESSIVE FORCE

239.   Plaintiff repeats the allegations above as if set forth at length herein.

240.   As a direct and proximate result of the acts and/or omissions of defendant as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

**WHEREFORE,** the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT EIGHTEEN
### Plaintiff v. Defendants
### 42 U.S.C. §1983: FAILURE TO PROTECT FROM ATTACK

241.    Plaintiff repeats the allegations above as if set forth at length herein.

242.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT NINETEEN
### Plaintiff v. Sherriff Shaun Golden, Chief Jeffrey Equils, Officer Nagy, Officer Randi Patterson, Officer John Dixon, LT. Dan Hansson, Officer Amanda Atkinson, Officer Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, and Officer Eddie Brett, MCSO, MCDOC, MCCI, and County.
### 42 .S.C. §1983: RETALIATION

243.    Plaintiff repeats the allegations above as if set forth at length herein.

244.    The United States Constitution prohibits adverse governmental action taken against an individual in retaliation for protected activities, such as freedom of speech and/or seeking redress from the courts.

41

245.    Plaintiff engaged in protected activity which involved her being a victim in sexual assault crime who spoke to law enforcement about said assault.

246.    Defendants retaliated against plaintiff for engaging in said protected activity.

247.    As a direct and proximate result of the retaliatory actions by defendants, plaintiff was damaged.

248.    Defendants had a duty and a reasonable opportunity to intervene to prevent these acts of retaliation against plaintiff and failed to do so.

249.    As a direct and proximate cause of defendants' failure to intervene, plaintiff suffered damages in connection with the deprivation of said constitutional rights guaranteed by the United States Constitution which violations are made actionable via the 42 U.S.C. §1983.

250.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

    **WHEREFORE,** the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7)

Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWENTY
### Plaintiff v. Defendants.
### 2C:13-8.1 HUMAN TRAFFICKING

251.   Plaintiff repeats the allegations above as if set forth at length herein.

252.   As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWENTY-ONE
### Plaintiff v. Defendants.
### Negligence

253.   Plaintiff repeats the allegations above as if set forth at length herein.

254.   As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages.

43

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

### COUNT TWENTY-TWO
#### Plaintiff v. Defendants.
#### SEXUAL ASSAULT: VICTIM UNDER SUPERVISION; N.J.S.A. 2C:14-2c(2)

255.    Plaintiff repeats the allegations above as if set forth at length herein.

256.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages.

WHEREFORE, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWENTY-THREE
### Plaintiff v. Defendant Officer Thomas Mauro.
### SEXUAL ASSAULT: PHYSICAL FORCE OR COERCION

257.    Plaintiff repeats the allegations above as if set forth at length herein.

258.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages.

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## COUNT TWENTY-FOUR
### Plaintiff v. Defendants
### NJCRA and FRCA §1983/§1986: CIVIL CONSPIRACY

259.    Plaintiff repeats the allegations above as if set forth at length herein.

260.    Defendants engaged in a civil conspiracy to deprive plaintiff of her civil and/or constitutional rights by allowing her to be sexually assaulted, and continually retaliated against, harassed, and harmed as descried in the aforementioned conduct.

261.    As a direct and proximate result of the acts and/or omissions of defendants as set forth herein, plaintiff suffered harms and damages in connection with the deprivation of their constitutional rights guaranteed by United States Constitution which violations are made actionable via 42 U.S.C. §1983/§1986.

45

**WHEREFORE**, the answering parties demand judgment against all defendant(s) named herein, jointly and/or severally, for: (1) General damages, (2) Compensatory damages; (3) The remedies provided for under the common law and/or any state and/or federal statutes pled herein; (4) Any other applicable contractual or statutory penalties or consequential, incidental, nominal and expectation damages; (5) Lawful interest, attorney's fees, filing fees/court costs, other costs associated with this civil rights cause of action; (6) Punitive damages as to any non-statutory tort claims pled herein only; (7) Declaratory and Injunctive relief; (8) nominal damages; and (9) such other and further relief as the court shall deem equitable and just.

## JURY DEMAND

**PLEASE TAKE NOTICE** that plaintiff hereby demands a trial by jury of six (6) persons on all triable issues within the complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, plaintiff designates Kevin T. Flood, Esq., as trial counsel in this case.

## DEMAND FOR INTERROGATORIES

**DEMAND** is hereby made of defendants for certified answers to interrogatories served upon defendants with this complaint.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that defendants disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a

46

judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

### CERTIFICATION PURSUANT TO RULE 4:5-1

**KEVIN T. FLOOD** certifies as follows: The matter in controversy is the subject of another action pending in Monmouth County **CIVIL** Court. I further certify that I am aware of another non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b). The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF KEVIN T. FLOOD, LLC
Attorney for Plaintiff,

By: S/ Kevin T. Flood
      KEVIN T. FLOOD, ESQ.

Dated: October 10, 2021

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-001438-21**

| | |
|---|---|
| **Case Caption:** DOE C.V.  VS GOLDEN SHAUN | **Case Type:** CIVIL RIGHTS |
| **Case Initiation Date:** 04/26/2021 | **Document Type:** NJ eCourts Case Initiation Confirmation |
| **Attorney Name:** KEVIN THOMAS FLOOD | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** KEVIN T FLOOD, ESQ., LLC | **Is this a professional malpractice case?** NO |
| **Address:** 181 ROUTE 206 | **Related cases pending:** NO |
| HILLSBOROUGH NJ 08844 | **If yes, list docket numbers:** |
| **Phone:** 9087052623 | **Do you anticipate adding any parties (arising out of same |
| **Name of Party:** PETITIONER : Doe, C.V. Jane | transaction or occurrence)?** YES |
| **Name of Defendant's Primary Insurance Company** | |
| **(if known):** None | **Are sexual abuse claims alleged by:** C.V. Jane Doe? NO |

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   detainor/detainee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
       **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| <u>04/26/2021</u> | <u>/s/ KEVIN THOMAS FLOOD</u> |
| Dated | Signed |

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD              NJ 07728
                                     TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   APRIL 27, 2021
                    RE:     DOE C.V.   VS GOLDEN SHAUN
                    DOCKET: MON L -001438 21
```

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LINDA G. JONES

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (732) 358-8700.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:
                              ATT: KEVIN T. FLOOD
                              KEVIN T FLOOD, ESQ., LLC
                              181 ROUTE 206
                              HILLSBOROUGH      NJ 08844


ECOURTS

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad St.
P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad St.
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson St., P.O Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES

1

(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Morris County Courthouse
Civil Division
Washington and Court Sts.
P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market St.
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge St.
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES

(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second St.
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

2

# EXHBIT C

Fay L. Szakal, Esq.
**GLUCKWALRATH LLP**
4 Paragon Way, Suite 400
Freehold, NJ 07728
Email: fszakal@glucklaw.com
Phone: (732) 530-8822/Fax: (732) 530-6770
Attorneys for Defendants Sheriff Shaun Golden, Chief Jeffrey Equils, Officer Nagy, Officer
Randi Patterson, Officer John Dixon, Lt. Dan Hansson, Officer Amanda Atkinson, Officer
Kenya Davis, Officer Stephanie Welch, Officer Ben Markus, Officer Eddie Brett, Monmouth
County Sheriff's Office, Monmouth County Correctional Institution, Monmouth County, and
Monmouth County Department of Corrections (collectively, the "County Defendants")

| | |
|---|---|
| C.V. JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF SHAUN GOLDEN, CHIEF JEFFREY EQUILS, OFFICER THOMAS MAURO, OFFICER NAGY, OFFICER RANDI PATTERSON, OFFICER JOHN DIXON, LT. DAN HANSSON, OFFICER AMANDA ATKINSON, OFFICER KENYA DAVIS, OFFICER STEPHANIE WELCH, OFFICER BEN MARKUS, OFFICER EDDIE BRETT, MONMOUTH COUNTY SHERIFF'S OFFICE, MONMOUTH COUNTY DEPARTMENT OF CORRECTIONS, MONMOUTH COUNTY CORRECTIONAL INSTITUTION, MONMOUTH COUNTY, JOHN DOES 1-80 (Fictitious Individuals), ABC CORPS 1-80 (Fictitious Corps), ABC PUBLIC ENTITIES 1-80 (Fictitious Entities), Jointly and Severally, Official and Individual Capacities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO: MON-L-1438-21<br><br>CIVIL ACTION<br><br>**NOTICE TO CLERK<br>OF SUPERIOR COURT<br>OF FILING OF NOTICE<br>OF REMOVAL** |

TO:    Clerk, Superior Court of New Jersey
       Monmouth County Courthouse
       71 Monument Park
       Freehold, New Jersey 07728

1

PLEASE TAKE NOTICE that there is attached hereto a copy of the Notice of Removal of this case and the Notice to Adverse Party of Filing of Notice of Removal, which have been filed with the Clerk of the United States District Court for the District of New Jersey.

GLUCKWALRATH LLP
Attorneys for the County Defendants


By: _/s/ Fay L. Szakal_
Fay L. Szakal

Dated: November 3, 2021

2